# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| AL MAYNARD POTTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) Case No. CV412-155 |
| | ) |
| WARDEN CEDRICK TAYLOR, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Assisted by counsel, Al Maynard Potter petitions this Court for 28 U.S.C. § 2254 habeas relief from a 1999 conviction in the Superior Court of Chatham County, Georgia for "felony murder in the shooting death of his girlfriend's brother, Jerry McLemore." The Georgia Supreme Court affirmed. *Potter v. State*, 272 Ga. 430, 430-31 (2000) (*Potter I*).

*Potter I* noted that, following Potter's conviction, "[a]ppellate counsel [had been] appointed after [his] motion for new trial was denied. Because [Potter] raise[d] the issue of ineffective assistance of trial counsel for the first time on appeal, [the *Potter I* court] remand[ed] the case for an evidentiary hearing on this claim." *Id.* at 431. "The trial court held an evidentiary hearing on the remanded issue and entered an order denying

[Potter's] motion for new trial based on ineffective assistance of counsel." *Potter v. State*, 273 Ga. 325, 325 (2001) (*Potter II*). He appealed. *Id.*

The *Potter II* court held that counsel was not ineffective. *Id.* at 326-27. That decision issued on January 8, 2001. *Id.* at 325. Potter says he filed a state habeas petition 329 days later, on December 3, 2001. Doc. 1 at 3. He also says that the petition was denied over *nine years* later, on February 8, 2011. *Id.* He appealed that to the Georgia Supreme Court but does not say when. *Id.* at 5-6. That court, he represents, denied relief on January 23, 2012. *Id.* Serving a life sentence, he filed his § 2254 petition here 127 days later, on May 29, 2012. Doc. 1 at 1.

Upon preliminary review under 28 U.S.C. § 2254 Rule 4 and 28 U.S.C. § 2243, the Court concludes that Potter's petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, so it must be dismissed.[1] As explained in *French v. Carter*, 828 F. Supp. 2d 1309 (S.D. Ga. 2012), the federal one-year limitation clock ticks so long as the petitioner does not have a direct or collateral appeal in play. *Id.* at 1314.

---

[1] Federal district courts can raise 28 U.S.C. § 2244(d)(l)'s statute of limitation *sua sponte* and dismiss time-barred petitions. *Jackson v. Sec'y for Dep't of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002); 15A CYC. OF FED. PROC. § 86:131 (*Time for filing*) (2012).

Thus, petitioners like Potter must keep the ball rolling between rulings. Gaps anywhere along the way can be fatal. *French*, 828 F. Supp. 2d at 1314; *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012); 39 AM.JUR.2D HABEAS CORPUS § 119 (Nov. 2012). Potter dropped the ball for 426 days. Nor is there any suggestion that equitable tolling, otherwise "a rare and extraordinary remedy," *Doe v. United States*, 2012 WL 1138779 at * 1 (11th Cir. Apr. 6, 2012), should be applied. Only indolence is apparent here, and that can cost. *Everett*, 861 F. Supp. 2d at 1372-73; *Crews v. Toole*, 2012 WL 1557338 at * 1 (S.D. Ga. May 2, 2012).

Potter, for that matter, bears the sometimes even fatal malpractice risk of missed filing dates. *Coleman v. Thompson*, 501 U.S. 722, 752–57 (1991) (condemned prisoner pursuing state habeas relief waived right to federal review, and thus could be executed, after his state habeas counsel negligently missed, by 3 days, deadline for appealing denial of state habeas petition); *id.* at 754 (applying REST. AGENCY 2D § 242 (1958)) ("master is subject to liability for harm caused by negligent conduct of servant within the scope of his employment")[2]; *Everett*, 861 F. Supp. 2d at 1376-77 (petition time-barred, and no equitable tolling for a petitioner who failed

---

[2]  This point was *not* overruled by *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309, 1315–16 (2012), which modified *Coleman* on other grounds.

3

to inquire about the status of his case, even assuming his attorney abandoned him; distinguishing *Maples v. Thomas*, 565 U.S. ___, 132 S. Ct. 912, 923 (2012)).

Therefore, Potter's § 2254 petition should be **DISMISSED WITH PREJUDICE**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, in forma pauperis status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this __2nd__ day of January, 2013.

　　　　　　　　　　　　　　　　_/s/ G.R. Smith_
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE
　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF GEORGIA