UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AL MAYNARD POTTER,
Petitioner,

v.                    4:12-cv-155

WARDEN CEDRICK TAYLOR,

Respondent.

### ORDER

Before the Court is Al Maynard Potter's motion to alter or amend judgment and motion for reconsideration. ECF No. 17. For the reasons set forth herein, Potter's motion is ***GRANTED***.

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or its legal representative from a final judgment [or] order . . . for . . . mistake [or] . . . any other reason that justifies relief." This rule "encompasses mistakes in the application of the law." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982).

Potter is serving a life sentence for a 1999 murder conviction. *See* ECF No. 1. Potter appealed his conviction, and on January 8, 2001, after remand for an evidentiary hearing, the Supreme Court of Georgia affirmed Potter's conviction. *Potter v. State*, 273 Ga. 325 (2001). Potter did not seek certiorari in the Supreme Court of the United States. His one-year time limit to file a 28 U.S.C. § 2254 petition, therefore, began to run on April 9, 2001. After 238 days, his time was tolled when he filed his state habeas petition on December 3, 2001. *See* ECF Nos. 1 at 3; 10 at 2; 16; 17. That petition was denied on February 8, 2011. *Id.* The Supreme Court of Georgia denied his certificate of probable cause to appeal that denial on January 23, 2012. *Id.* His one-year time limit, therefore, began to run again on January 24, 2012.[1] At that point, Potter had 127 days left before his one-year time limit would expire on May 29, 2012. Potter timely filed his § 2254 petition on May 29, 2012. ECF No. 1.

The Magistrate Judge, however, recommended that Potter's § 2254 petition be dismissed as untimely. ECF No. 10. This Court adopted the Magistrate Judge's Report and Recommendation, dismissing Potter's § 2254 petition as untimely. ECF No. 14. The Court erred. Thereafter, Potter initially filed a motion for certificate of appealability, ECF No. 16, but he has since withdrawn that motion, ECF No. 18, and instead moves the Court to reconsider its dismissal of his § 2254 petition. ECF No. 17.

Because the Court made a mistake in applying the law when it dismissed his § 2254 petition as untimely, Potter's motion for reconsideration, ECF No. 17, is ***GRANTED***. The Adoption Order and Judgment dismissing this case, ECF Nos. 14; 15, are ***SET ASIDE***. The Clerk is directed to ***RE-OPEN*** this case.

This 23 day of April, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Respondent does not dispute any of these dates.