# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

AL MAYNARD POTTER,      )
                          )
       Petitioner,          )
                           )
                           )     Case No.   CV412-155
                           )
WARDEN CEDRICK TAYLOR,    )
                           )
       Respondent.      )

## REPORT AND RECOMMENDATION

A state court jury convicted Al Maynard Potter of state charges in the shooting death of his girlfriend's brother, Jerry McLemore, and the Georgia Supreme Court affirmed. *Potter v. State*, 272 Ga. 430, 430-31 (2000) (*Potter I*). Alleging ineffective assistance of appellate counsel, he petitions this Court for 28 U.S.C. § 2254 habeas relief. Doc. 1.

## I. BACKGROUND

The jury convicted Potter of felony murder, aggravated assault, and possession of a firearm by a convicted felon. Doc. 26-11 at 26-27.[1] On direct appeal he argued "that the trial court should not have allowed the state to reopen evidence to introduce newly discovered evidence." *Potter*,

---

[1] The Court is citing to its docketing software print atop each page. This pagination does not align with the hearing transcript cites in the parties' briefs.

272 Ga. at 430-31 (*Potter I*). Addressing that claim, the state appellate court recounted the evidence, found it sufficient to convict, then ruled that the trial court did not err in allowing the prosecution to tender photographic evidence contradicting Potter's testimony that he had not held a gun for four or five years. *Id.*

That court noted, however, that following Potter's 1999 conviction "[a]ppellate counsel [had been] appointed after [the] motion for new trial was denied. Because [Potter] raise[d] the issue of ineffective assistance of trial counsel for the first time on appeal, [the *Potter I* court] remand[ed] the case for an evidentiary hearing on this claim." *Id.* at 431. "The trial court held an evidentiary hearing on the remanded issue and entered an order denying [Potter's] motion for new trial based on ineffective assistance of counsel." *Potter v. State*, 273 Ga. 325, 325 (2001) (*Potter II*).

As he had on the first appeal, attorney Orin Alexis handled the appeal of that ruling.[2] There Potter faulted his original trial counsel -- retained by his family -- for assigning his case to a less-experienced attorney in his office, John R. Strother, III, who ultimately tried the case. *Potter II*, 273 Ga. at 326. He also complained that Strother failed to seek

---

[2]  He had "entered the case after the trial court had denied the motion for new trial filed by trial counsel." *Potter II*, 273 Ga. at 325 n. 1.

a continuance when the state came up with the new photographic evidence. *Id.* at 326-27. Strother also was ineffective, Potter further contended, "because he did not spend sufficient time preparing the case or reviewing evidence with" him. *Id.* at 327. Finally, Strother "did not properly advise him of his right not to testify at trial." *Id.*

The *Potter II* court ruled that Strother was not ineffective. *Id.* at 326-27. That decision issued on January 8, 2001. *Id.* at 325. Potter sought state habeas relief beginning in December 3, 2001, doc. 26-3 at 1, and did not exhaust his state remedies until January 23, 2012. Doc. 26-8. The State raises no exhaustion or time-based defenses. Doc. 23-1; doc. 32-1.

## II. ANALYSIS

Potter contends in Ground One that Alexis should have argued that Strother was ineffective when he failed to object to the prosecutor's closing argument comment that Potter had lied to the jury. Doc. 1 at 5; *see also* doc. 26-9 at 19-20 (Alexis' state habeas hearing testimony on this claim -- he does not remember discussing it with Potter); doc. 29 at 7 (Potter reminds that his credibility "*was* his defense," so this is a critical

claim).  Alexis, then, provided Potter with ineffective assistance of counsel (IAC) on appeal.

That claim is first governed by *Strickland v. Washington*, 466 U.S. 668 (1984).  Potter therefore must show both that Alexis' performance was deficient and that it prejudiced his defense. 466 U.S. at 687.[3]  But Potter's claim is also governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which means that the resulting standard of review here is "doubly deferential" -- this Court accords deference to Alexis' strategic choices (winnowing out claims on appeal) as well as to the state court rulings.  *Lee v. Commissioner, Ala. Dept. of Corr.*, 726 F.3d 1172, 1193 (11th Cir. 2013).  The bottom line, then, is not whether Alexis' actions were reasonable; it is whether there is any reasonable argument that he satisfied *Strickland's* deferential standard.  *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 778 (2011).

---

[3]  The same *Strickland* test applies to claims of ineffective assistance of appellate counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); S*mith v. Murray*, 477 U.S. 527, 535-36 (1986).  In *Jones v. Barnes*, 463 U.S. 745 (1983), however, the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue.  Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious."  *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) (quoting *Barnes*, 463 U.S. at 751-52.)  Appellate counsel need not assert every potential claim of error, even if his client urges him to do so, but instead should exercise his professional judgment and select only "the most promising issues for review."  *Barnes*, 463 U.S. at 752.

Potter quotes the state habeas opinion, which reasons that the "liar" comments were *permissible* under state law, so Alexis could not be deemed ineffective on those grounds. Doc. 29 at 3-4; *see also* doc. 26-6 at 12 (state habeas ruling). He then cites *state* law to insist that the habeas judge's ruling is erroneous. Doc. 29 at 5. Hence, he concludes, that judge's ultimate decision -- that Alexis was not ineffective -- is "unreasonable" within the meaning of 28 U.S.C. 2254(d)(2).

This claim is a little more complicated than it appears at first glance. It is best examined through its component parts: (1) the "liar" comment was trial court error under *state* law[4]; (2) Strother dropped the ball by failing to object; (3) Alexis also dropped the ball by failing to fault Strother about that on appeal; and (4) the state habeas court, by misapplying *state* law to determine that Strother, hence Alexis, was not ineffective,

---

[4] Here the state law error is presented through Potter's *Strickland* claim, so at best it is indirectly presented to this Court. To that end, federal habeas courts ordinarily review questions of state law only to determine whether such an error rendered "the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Dillon v. Warden, Ross Correctional Inst.*, 2013 WL 5716364 at * 5 (6th Cir. Oct. 22, 2013); *see also Hale v. Cate*, 2013 WL 3070520 at * 1 (9th Cir. June 20, 2013) ("under AEDPA, even clearly erroneous evidentiary errors that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by clearly established Federal law, as laid out by the Supreme Court.") (quotes and cite omitted). Otherwise, federal habeas relief is simply not available to correct state law errors. *Wilson v. Corcoran*, ___ U.S. ___ 131 S. Ct. 13, 16 (2010).

unreasonably applied clearly established *federal* law on ineffective assistance claims.

But to show an unreasonable *federal* law ruling on an ineffective assistance claim here, Potter -- at a minimum -- must demonstrate that the "liar comment" claim, if raised on appeal, would have altered the outcome of his case (due to *Strickland* deficient performance) *and* would have altered the outcome of his appeal (*Strickland* prejudice). Then he must show that the state habeas court's *Strickland* ruling was "unreasonable" under the "double deference" standard set forth above.

The prosecutor's comment in question was as follows:

> Just because someone says something from the witness stand, you don't have to believe it. Use your common sense and use your own intelligence when you evaluate the evidence that we do have here, because we have a lot of conflicting evidence and, frankly, more than one witness from that witness stand lied, and I'm not *just talking about the defendant.*

Doc. 26-6 at 9 (emphasis added).[5] The state habeas judge applied state law to conclude that the comment did *not* cross the line. Doc. 26-6 at 13 (citing *Wright v. State*, 284 Ga. 406, 406-07 (2008) (prosecutor's statement during closing argument, that murder defendant was using "crocodile

---

[5] Hence, the prosecutor in fact *was* talking about the defendant (Potter) having *lied* on the witness stand.

tears" in order to garner sympathy from the jury and avoid responsibility for his actions, was not improper; statement did not reflect prosecutor's personal belief as to defendant's veracity, but the conclusion he wished the jury to draw from the evidence)).   That judge then *erroneously* concluded that Alexis' decision to omit the "liar" claim on appeal was based on his belief that it had no merit.   Doc. 26-6 at 11.   Again, the habeas hearing transcript shows that Alexis simply could not remember what he did with that claim.   Hence, there was no evidence establishing that he decided to omit it on merits-based grounds.

Also, under Georgia law it *was* improper for the prosecutor to call Potter a liar, though that error is subject to a prejudice analysis -- one that the state habeas judge failed to make.   *Alexander v. State*, 263 Ga. 474, 477-78 (1993) (concluding that a prosecutor had improperly stated her opinion regarding the credibility of a witness but further concluding that it was highly probable that the trial court's error regarding the argument did not affect the verdict). [6]

---

[6]   *See also Bolden v. State*, 272 Ga. 1, 1 (2000) (reversing a conviction where the prosecution stated: "You look at what you heard from the officer, who I thought was very credible"); *Reynolds v. State*, 300 Ga.App. 353, 353 (2009) (defense counsel performed deficiently by failing to object to the state's closing-argument comments about defendant's silence and failure to come forward, for the purpose of determining

Still, *Strickland* claims are evaluated on an objective basis. That is, Potter must show that the course of action taken by counsel would not have been taken by *any* competent counsel. *Blankenship v. Hall*, 542 F.3d 1253, 1273 (11th Cir. 2008). And here it's easily conceivable that an appellate lawyer would have, per *Barnes*, winnowed the "liar" claim out because it would not have affected the verdict given the strength of the evidence:

> The evidence presented at trial shows that McLemore lived with his sister in her two-bedroom apartment. A few weeks before the fatal shooting, Potter and McLemore's sister were fighting in their bedroom when McLemore told Potter that he did not want him hitting on his sister, fired a gun once in their bedroom, and shot a second time in the hallway as his girlfriend, Georgette Cuyler, pulled him away.
>
> Three weeks later, McLemore and Cuyler were alone in the back bedroom of the apartment when someone opened the front door with a key and McLemore went out to investigate. He returned to the bedroom, but was called to come out again. Two shots were fired, and Cuyler heard Potter telling McLemore to "lay his punk a__ down." She escaped out the bedroom's side window and ran home. Testifying in his own defense, Potter said that he shot McLemore in self-defense because McLemore was pointing a gun at him and he was scared to death. Potter admitted that McLemore did not shoot at him, no witness saw McLemore with a gun that day, and no guns were found in the apartment. The pathologist testified that the fatal bullet entered McLemore's left upper chest, exited on the right side

---

whether defendant was denied effective assistance of counsel at a trial for aggravated assault and other offense); GREEN GEORGIA LAW OF EVIDENCE § 1:18 (Oct. 2013).

of the chest, and reentered the right arm, which was in line close to the body. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Potter guilty of the crimes charged.

*Potter I*, 272 Ga. at 430-31.

Hence, Alexis' failure to litigate *that* claim did not fall beneath *Strickland/Barnes* performance standard, as Potter was not prejudiced. It follows that the state habeas court did not unreasonably apply federal ineffective-assistance law in rejecting this claim.[7]

Although Potter -- represented by counsel here -- presented two other grounds in his § 2254 petition, doc. 1 at 7 & 8, he did not brief them. Doc. 29. As this Court explained in *Newsome v. Danforth*, 2013 WL 3047780 (S.D. Ga. June 17, 2013), those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Id.* at * 1 (citing *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations; *Fils v. City of*

---

[7] The state reads Potter's brief as raising a new claim based on his "Georgia constitutional right to counsel," and then objects to it as an unpermitted amendment to the federal habeas petition. Doc. 32-1 at 3. The matter is moot since that, too, raises a *state* law ground not reachable here. *See supra* n. 4.

*Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by parties.").

Hence, it is not enough to state that something "bad" happened and it constituted legal error. Potter must show that he presented that claim to the state court, how it ruled, and, most importantly, that it "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).'" *Owens v. McLaughlin*, ___ F.3d ___, 2013 WL 5746381 at * 3 (11th Cir. Oct. 24, 2013). Too, the constitutional error must have had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *Owens*, 2013 WL 5746381 at * 6. Despite an opportunity to brief these claims -- indeed, Potter filed a brief, doc. 29 -- he has failed to make these showings. Accordingly, both claims are abandoned.

Al Maynard Potter's § 2254 petition (doc. 1) therefore must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander*

*v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).   And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.   Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.   28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this ___5^th___ day of November, 2013.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**